IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SENJU PHARMACEUTICAL CO., LTD., ) <br> KYORIN PHARMACEUTICAL CO., ) <br> LTD. and ALLERGAN, INC., ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> AUROBINDO PHARMA LTD. And ) <br> AUROBINDO PHARMA U.S.A., INC., ) <br> Defendants. ) | Civ. No. 14-579-SLR |

**MEMORANDUM ORDER**

At Wilmington this 30th day of March, 2015, having reviewed defendants Aurobindo Pharma Ltd. and Aurobindo Pharma U.S.A., Inc.'s (collectively, "defendants") motion to dismiss, and the papers filed in connection therewith;

IT IS ORDERED that defendants' motion to dismiss (D.I. 13) is granted for the following reasons: On May 2, 2014, plaintiffs Senju Pharmaceutical Co., Ltd., Kyorin Pharmaceutical Co., Ltd., and Allergan, Inc. (collectively "plaintiffs") filed the instant action alleging infringement of reexamined United States Patent No. 6,333,045 ("the '045 patent"). (D.I. 1) On August 6, 2014, defendants moved to dismiss based on this court's finding that the '045 patent is invalid,[1] arguing that "[a] plaintiff cannot state a claim for relief of patent infringement with an invalid patent." (D.I. 14 at 4) By a decision issued on March 20, 2015 by the United States Court of Appeals for the Federal Circuit, this court's invalidity ruling was affirmed.[2] Because "an invalid claim

---

[1] *Senju Pharm. Co. v. Lupin Ltd. & Lupin Pharm., Inc.*, Civ. No. 11-271, 2013 WL 4101820 (D. Del. Aug. 9, 2013).
[2] *Senju Pharm. Co. v. Lupin Ltd.*, No. 2013-1630, 2015 WL 1260595 (Fed. Cir. Mar. 20, 2015).

cannot give rise to liability for infringement," *Medtronic, Inc. v. Cardiac Pacemakers, Inc.*, 721 F.2d 1563, 1583 (Fed. Cir. 1983),[3] defendants' motion to dismiss is granted.

                                                                                                     _____
                                                                                                        United States District Judge

---

[3]*See also Lazare Kaplan Intern., Inc. v. Photoscribe Tech., Inc.*, 714 F.3d 1289, 1295 (Fed. Cir. 2013) ("[N]o accused products can be found liable for infringement of an invalid claim").

2